Lawrence R. LaPorte (State Bar No. 130003)
laportel@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Attorneys for Defendant
SEAVER COMPANY

*Additional Counsel Listed Below*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

OAKLEY, INC., a Washington corporation,

Plaintiff,

v.

SEAVER COMPANY, d/b/a I-GOGS QUALITY EYEWEAR a Minnesota corporation,

Defendant.

Case No. 11CV2079-DMS-CAB

**SEAVER COMPANY'S ANSWER TO PLAINTIFF OAKLEY, INC.'S COMPLAINT AND COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

Seaver Company d/b/a I-Gogs Quality Eyewear ("Seaver") files its Answer and Counterclaims to Plaintiff Oakley, Inc.'s ("Oakley") Complaint for Patent Infringement and Jury Demand ("Complaint"). Seaver responds as follows, with each paragraph of the Answer below responding to the corresponding numbered paragraphs of the Complaint:

**JURISDICTION AND VENUE**

1. Seaver admits that this Court has jurisdiction pursuant to the statutes identified. Seaver denies the remaining allegations in paragraph 1.

2. For purposes of the above captioned matter only, Seaver admits that this Court has personal jurisdiction but denies the remaining allegations in paragraph 2.

3. Seaver admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**THE PARTIES**

4. Seaver admits paragraph 4.

5. Seaver admits paragraph 5.

6. Seaver denies the allegations of paragraph 6.

**GENERAL ALLEGATIONS**

7. Seaver is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies the same.

8. Seaver is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies the same.

9. Seaver is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies the same.

**FIRST CLAIM FOR RELIEF**

10. Seaver admits that Oakley re-alleges paragraphs 1 through 9 of the Complaint. Seaver reasserts and incorporates by reference its answers to paragraphs 1

through 9 of the Complaint as set forth above.

11. Seaver denies the allegations of paragraph 11.

12. Seaver denies the allegations of paragraph 12.

13. Seaver denies the allegations of paragraph 13.

14. Seaver denies the allegations of paragraph 14.

15. Seaver denies the allegations of paragraph 15.

16. Seaver denies the allegations of paragraph 16.

## AFFIRMATIVE DEFENSES

17. Without altering any burdens of proof, Seaver asserts the following affirmative defenses. Seaver reserves any and all rights to modify and/or expand these defenses and to take further positions and raise additional defenses in this matter.

### First Affirmative Defense - Non-Infringement

18. No product made, used, imported, offered for sale, or sold by Seaver infringes or has infringed United States Patent Nos. 5,387,949 ("the '949 patent") or D496,680 ("the D680 patent") (collectively "the Asserted Patents") literally or under the doctrine of equivalents, nor has Seaver contributed to or induced infringement of the Asserted Patents by any third parties.

### Second Affirmative Defense - Invalidity

19. Each of the claims of the Asserted Patents are invalid for failure to comply with one or more of the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

20. Each of the claims of the Asserted Patents are invalid pursuant to Section 102 and 103 based upon prior art references, including prior art references previously disclosed to Oakley, that both anticipate each claim of the Asserted Patents and also make each claim of the Asserted Patents obvious. Further, because Oakley is seeking to expand claim scope beyond that which the United States Patent Office permissibly

allowed during prosecution of the Asserted Patents, one or more prior art references cited upon the face of each Asserted Patent is also invalidating pursuant to Sections 102 and 103.

21. Each of the claims of the '949 patent are invalid pursuant to Section 112 for failure to provide an adequate written description and for lack of enablement because the specifications of these patents do not support nor enable the claim scope that Oakley is asserting in order to capture Seaver products.

22. The single claim of the D680 patent is invalid pursuant to Section 112 for indefiniteness and lack of enablement because of inconsistent drawings and failure to comply with federal regulations regarding drawing and shading in design patents.

**Third Affirmative Defense - Laches**

23. Oakley's attempt to enforce the Asserted Patents is barred by laches because of unreasonable delay in bringing suit and the resulting prejudice to Seaver.

**Fourth Affirmative Defense – Equitable Estoppel and Waiver**

24. Oakley is barred by the doctrines of waiver and equitable estoppel from enforcing the Asserted Patents against Seaver.

**Fifth Affirmative Defense – Failure to State a Claim**

25. Oakley's Complaint and each purported claim against Seaver alleged therein, fails to state facts upon which relief can be granted against Seaver.

**Sixth Affirmative Defense – Adequate Remedy at Law**

26. Oakley is not entitled to injunctive relief because any alleged injury to Oakley is not immediate or irreparable, and Oakley has an adequate remedy at law for any alleged injury.

**Seventh Affirmative Defense – Non-infringement by Estoppel**

27. Seaver is informed and believes that the claims of the Asserted Patents are and were limited by, *inter alia*, amendment, the prior art, statements made during the prosecution thereof in the United States Patent Office, and/or the conduct and statements of Oakley, its agents, or the named inventors, such that Oakley is now

estopped and otherwise precluded from maintaining that the claims of the Asserted Patents are of sufficient scope to cover Seaver's activities either literally or under the application of the doctrine of equivalents.

**Eighth Affirmative Defense – No Willfulness**

28. Seaver is not liable for exemplary damages because Seaver, nor its officers, directors, or managing agents acted intentionally or willfully to commit any infringing acts with respect to the Asserted Patents.

**Ninth Affirmative Defense – Patent Misuse**

29. Some or all of Oakley's claims are barred by the doctrine of patent misuse.

**Tenth Affirmative Defense – Unclean Hands**

30. Some or all of Oakley's claims are barred by the doctrine of unclean hands.

31. Oakley has behaved inequitably and/or in bad faith and should therefore be denied any relief under the unclean hands doctrine.

**Eleventh Affirmative Defense – Statute of Limitations**

32. Oakley's claim for recovery is limited by 35 U.S.C. § 286.

**Twelfth Affirmative Defense – Improper Marking**

33. Oakley failed to provide proper notice of the Asserted Patents upon its products allegedly covered by the Asserted Patents.

34. Oakley's claim for recovery is limited by 35 U.S.C. § 287.

**Twelfth Affirmative Defense – Unenforceability Due to Inequitable Conduct**

35. As set forth below in ¶¶ 16-40 of Seaver's Counterclaims (which allegations are incorporated here by reference), the Oakley D680 patent is unenforceable due to inequitable conduct, based upon Oakley's knowing and deliberate misrepresentations, non-disclosures, with the intent to deceive the PTO and the courts, but for which the D680 patent would not have issued.

## ANSWER TO PRAYER FOR RELIEF

Seaver denies that Plaintiff is entitled to any relief from Seaver and prays that this Court deny all relief demanded by Plaintiff in the Complaint.

## COUNTERCLAIMS BY DEFENDANT/COUNTERCLAIMANT SEAVER COMPANY

For its First Amended Counterclaims against Plaintiff/Counterdefendant Oakley, Inc., Defendant and Counterclaim Plaintiff Seaver Company ("Seaver"), alleges as follows:

1. Defendant/Counterclaimant Seaver is a Minnesota company with its principal business at 200 Minnesota Ave., LeSeur, Minnesota 56058.

2. Plaintiff/Counterdefendant Oakley Inc. ("Oakley") has alleged in its Complaint that it is a Washington corporation with a principal place of business at One Icon, Foothill Ranch, California 92610, and that it does business within this judicial district.

## JURISDICTION AND VENUE

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

4. These Counterclaims arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-02. An actual, substantial, and continuing justiciable controversy exists between Seaver and Oakley with respect to which Seaver requires a declaration of rights by this Court.

5. This Court has jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT NON-INFRINGEMENT

6. Seaver re-alleges and incorporates by reference herein the allegations of paragraphs 1-5 above.

7. Oakley has contended, and now contends, that it owns the '949 patent. Oakley has asserted the '949 patent against Seaver and asserts that Seaver infringes that patent.

8. Seaver has contended and now contends that it has not infringed and is not presently directly or indirectly infringing any claim of the '949 patent, either literally or under the doctrine of equivalents. Seaver has not and does not contribute to or induce infringement of the '949 patent by any third parties. Seaver seeks a judicial determination and declaration of the respective rights and duties of the parties based on Seaver's contentions. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '949 patent.

9. Oakley has contended, and now contends, that it owns the D680 patent. Oakley has asserted the D680 patent against Seaver and asserts that Seaver infringes that patent.

10. Seaver has contended and now contends that it has not infringed and is not presently directly or indirectly infringing any claim of the D680 patent, either literally or under the doctrine of equivalents. Seaver has not and does not contribute to or induce infringement of the D680 patent by any third parties. Seaver seeks a judicial determination and declaration of the respective rights and duties of the parties based on Seaver's contentions. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the D680 patent.

**<u>SECOND COUNTERCLAIM: DECLARATORY JUDGMENT INVALIDITY</u>**

11. Seaver re-alleges and incorporates by reference herein the allegations of paragraphs 1-5 above, as well as paragraphs 19-22 of its Answer to Oakley's Complaint.

12. Seaver contends that the '949 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 102, 103, and/or 112, and the rules and regulations and laws pertaining thereto.

13. Seaver seeks a judicial determination and declaration of the respective rights and duties of the parties based on Seaver's contentions. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '949 patent.

14. Seaver contends that the D680 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 102, 103, and/or 112, and the rules and regulations and laws pertaining thereto.

15. Seaver seeks a judicial determination and declaration of the respective rights and duties of the parties based on Seaver's contentions. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the D680 patent.

## THIRD COUNTERCLAIM: DECLARATORY JUDGMENT UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

16. Seaver re-alleges and incorporates by reference herein the allegations of paragraphs 1-5 above.

17. Oakley's asserted D680 patent was filed at the USPTO on February 13, 2003, and issued on September 28, 2004.

18. The attorney representing Oakley and prosecuting the D680 patent before the USPTO was Gregory K. Nelson, of the law firm of Weeks Kaufman Nelson & Johnson.

19. The D680 patent purports to claim "[t]he ornamental design for an eyeglass front" as depicted in paragraph 23 below.

20. Oakley is also the assignee of United States Patent No. D446,803 ("the D803 patent"), which was filed at the USPTO on December 21, 2000, and issued on

August 21, 2001.

21. The attorney representing Oakley and prosecuting the D803 patent before the USPTO was Gregory K. Nelson, of the law firm of Weeks Kaufman Nelson & Johnson.

22. The D803 patent also purports to claim "[t]he ornamental design for an eyeglass front" as depicted in paragraph 23 below. The D803 patent was issued more than one year prior to the filing date of Oakley's D680 patent, thus making it a prior art reference pursuant to 35 U.S.C. § 102(b).

23. As depicted, the D680 patent is nearly identical in scope and adopts the same ornamental features and designs of the prior art D803 patent.

| The Asserted D680 Patent | Oakley's Prior Art D803 Patent |
| --- | --- |




30. Mr. Gregory K. Nelson never informed the USPTO of the existence of Oakley's D803 patent during the prosecution of the D680 patent. Likewise, Oakley never informed the USPTO of the existence of Oakley's D803 patent during the prosecution of the D680 patent.

31. The existence of Oakley's prior art D803 patent was material to the patentability of the D680 patent. Had the USPTO been aware of the existence of the withheld Oakley D803 patent, the USPTO would not have allowed the D680 patent to issue.

32. Mr. Nelson was fully aware of the existence of Oakley's D803 patent including the scope of the ornamental design claim, as well its date of issuance. Oakley was also fully aware of the existence of Oakley's D803 patent during the prosecution of the D680 patent.

33. Both Mr. Nelson and Oakley had an affirmative duty to make the USPTO

aware of any prior art references that were material to the patentability of the pending application that led to Oakley's D680 patent. The USPTO duty of candor requires that: "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section." 37 C.F.R. § 1.56. Each attorney who prepares or prosecutes a patent application is considered an individual associated with the filing and prosecution of a patent application.

34. Because Mr. Nelson failed to disclose Oakley's D803 patent to the USPTO during the prosecution of the application which led to the D680 patent, Mr. Nelson breached his duty of candor to the USPTO. Similarly, because Oakley failed to disclose Oakley's D803 patent to the USPTO during the prosecution of the application which led to the D680 patent, Oakley breached his duty of candor to the USPTO.

35. Because the D803 patent is an anticipatory prior art reference for Oakley's D680 patent, and because both Oakley and Mr. Nelson knew of that reference during the prosecution of the D680 patent, Mr. Nelson and Oakley made a deliberate decision to withhold a known material reference from the USPTO.

36. At a minimum, Mr. Nelson committed affirmative egregious misconduct by citing to numerous irrelevant prior art references during the prosecution of the D680 patent, but failing to inform the USPTO of the D803 patent.

37. Both Oakley and Mr. Nelson were again made aware that Oakley's D803 patent was an anticipatory prior art reference to the D680 patent in 2010, when Oakley asserted the D680 patent in another lawsuit captioned, *Oakley, Inc. v. Pyramex Safety Products, LLC*, Case No. 3:2009cv01739 (S.D. Cal.) ("Pyramex litigation")

38. During the course of the Pyramex litigation, Oakley was served with invalidity contentions on March 12, 2010. These invalidity contentions identified the Oakley D803 patent as an invalidating prior art reference to the D680 patent.

39. Despite knowing of the existence of the D803 patent, and knowing that Oakley and Mr. Nelson failed to cite the D803 patent during the prosecution of the D680 patent, Oakley did not take any action during the past eighteen months to cure Mr. Nelson's and Oakley's original inequitable conduct. Oakley could have requested that the USPTO reexamine Oakley's D680 patent in light of the prior art D803 patent, but Oakley chose not to bring the prior art D803 patent to the attention of the USPTO. Oakley took no steps during this time to inform the USPTO that it had failed to cite a material reference during the original prosecution of the D680 patent.

40. Oakley's conduct during the past eighteen months is further evidence of Oakley's deliberate decision making to withhold a known material reference from the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Seaver prays for the following:

A. A judgment that Plaintiff takes nothing by its Complaint;

B. A judgment that Plaintiff's Complaint against Seaver be dismissed with prejudice and that all relief requested by Plaintiff be denied with prejudice;

C. A judgment that Seaver has not and does not infringe (either literally or under the doctrine of equivalents), contributorily infringe or induce infringement of any claim of the Asserted Patents;

D. A judgment that the claims of the Asserted Patents are invalid and, therefore, without any force or effect against Seaver, its officers, agents, servants, employees, and attorneys;

E. A judgment that Oakley, and its agents, employees, representatives, counsel, and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting any action for infringement of any of the Asserted Patents against Seaver, its suppliers, customers or any distributor or user of its products; and

F. A judgment deeming Oakley's D680 unenforceable against Seaver based upon Oakley's (and its attorney's) inequitable conduct;

G. That this case be deemed exceptional and that Seaver be awarded its attorneys fees and costs, pursuant to 35 U.S.C. § 285; and

H. Such other and further relief, at law or in equity, to which Seaver is justly entitled.

DATED: October 4, 2011

DICKSTEIN SHAPIRO LLP

By:/s/Lawrence R. LaPorte
Lawrence R. LaPorte

Attorney for Defendant
SEAVER COMPANY

Lawrence R. LaPorte (State Bar No. 130003)
laportel@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Robert L. Kinder - Pro Hac Vice
kinderr@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye St. N.W.
Washington, D.C. 20006
Telephone: (202) 420-3029
Facsimile: (202) 420-2201

**DEMAND FOR JURY TRIAL**

Seaver Company hereby demands a trial by jury on all issues so triable.

DATED: October 4, 2011

DICKSTEIN SHAPIRO LLP

By:/s/Lawrence R. LaPorte
Lawrence R. LaPorte

Attorney for Defendant
SEAVER COMPANY

# PROOF OF SERVICE

*Oakley, Inc. v. Seaver Company*
Case No. 11 CV 2079 DMS CAB

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the action. My business address is 2049 Century Park East, Suite 700, Los Angeles, California 90067-3109. On October 4, 2011, I served the document(s) on the interested parties in this action as follows:

**SEAVER COMPANY'S ANSWER TO PLAINTIFF OAKLEY, INC.'S COMPLAINT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL**

By placing ☐ the original ☑ a true copy thereof enclosed in a sealed envelope addressed as follows: Please see attached **SERVICE LIST**

☐ **BY MAIL**: The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY**: By causing such envelope to be deposited or delivered in a box or other facility regularly maintained by Federal Express authorized to receive documents, or delivering to a courier or driver authorized by said express service carrier to receive documents, the copy of the foregoing document in a sealed envelope designated by the express service carrier, addressed as stated above, with fees for overnight (next business day) delivery paid or provided for and causing such envelope to be delivered by said express service carrier on [date].

☐ **BY EMAIL:** The document was served by email pursuant to the agreement of all parties.

☑ **BY ECF**

☑ **[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 4, 2011, at Los Angeles, California.

Donald K. Piper [signature]

DICKSTEIN SHAPIRO LLP

**PROOF OF SERVICE**
*Oakley, Inc. v. Seaver Company*
Case No. 11 CV 2079 DMS CAB

Michael K. Friedland
Paul N. Conover
Ali S. Razai
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
T: (949) 760-0404
F: (949) 760-9502
E-Mail: mfriedland@kmob.com, pconover@kmob.com, ali.razai@kmob.com